UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FOREST GROVE SCHOOL DISTRICT, | Case No.: 3:14-cv-00444-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STUDENT, | |
| Defendant. | |

_____

ACOSTA, Magistrate Judge:

*Introduction*

The District filed this suit to appeal a 2013 due process final order. Presently before the court is Plaintiff Forest Grove School District's (the "District") motion to strike all arguments by Defendant Student related to the issue of attorney's fees for that due process hearing, asserting that those arguments are irrelevant to this case, which relates to the merits of the District's appeal. Student opposes the motion to strike, arguing that the issue of attorney's fees was properly raised

in this case. The court grants the motion to strike.

*Background*

On March 5, 2013, Student filed a request for a due process hearing with the Oregon Department of Education, alleging the District violated the Individuals with Disabilities Education Act ("IDEA"). (Compl., Ex. 1 at 1.) Following a hearing, an administrative law judge ("ALJ") issued a final order, finding that the District had violated the IDEA by denying the Student educational opportunities, denying Student's parents a meaningful opportunity to participate in Student's education, and failing to provide Student with a free appropriate public education from 2011–2013. (*Id.* at 12.)

On March 18, 2014, the District filed the instant suit (the "14-444 Case") to appeal the ALJ's decision, challenging the ALJ's fact-finding and legal analysis, and asking the court to reverse and vacate the remedy. (*Id.* at 6–7.) On the same day, Student simultaneously filed a separate complaint (the "14-445 Case"), seeking attorney's fees she incurred in pursuing that complaint and the underlying due process hearing. (Case No. 3:14-cv-00445-AC, Compl., ECF No. 1 at 12.) Student filed an answer and cross-appeal in the 14-444 Case, seeking to reverse specific sections of the ALJ's opinion and an award of additional remedies, including attorney's fees for the underlying due process proceeding. (Case No. 14-444, Answer , ECF No. 3 ¶¶ 21–28.)

On August 21, 2014, the court stayed all proceedings in the 14-444 Case pending a decision by the Ninth Circuit Court of Appeals in a separate but factually related matter, and ordered the parties to file ongoing joint status reports. (Case No. 14-444, ECF No. 13.) On February 1, 2017, the parties filed a joint status report ("February Status Report") stating, "Case No. 3:14-cv-00444-AC[:] The parties agree that the only issue remaining is the amount of attorneys' fees and costs due

to Student . . . . Case No. 3:14-cv-00445[:] The parties agree that the only issue remaining is the amount of attorneys' fees and costs due to Student." (Case No. 14-444, Joint Status Report, ECF No. 38 at 23.)

On March 7, 2017, the parties filed another joint status report ("March Status Report"), stating, "Case No. 3:14-cv-00444-AC[:] The parties agree that this case remains to be decided on the merits" and, accordingly, they proposed a briefing schedule for the case, and "Case No. 3:14-cv-00445[:] The parties agree that until Case No. 3:14-cv-00444 is decided on the merits, Case No. 3:14-cv-00445, which involves only the question of attorney's fees and costs, cannot be decided by this Court." (Case No. 14-444, Joint Status Report, ECF No. 44 at 2–3.)

In accordance with the March Status Report, on March 7, 2017, this court adopted the briefing schedule proposed by the parties for deciding the 14-444 Case on the merits and stayed further proceedings in the 14-445 Case pending resolution of the former. (Case No. 14-444, Minute Order, ECF No. 44.)

The District filed its opening brief on the merits of the 14-444 Case on April 18, 2017, and did not mention attorney's fees. (Case No. 14-444, Pl.'s Opening Brief, ECF No. 46.) Student responded, raising both the substantive merits of the appeal and the issue of attorney's fees. (Case No. 14-444, Def.'s Response Brief, ECF No. 51.)

On August 23, 2017, the District moved to strike all arguments related to attorney's fees in Student's response brief, arguing that those arguments are improper in the 14-444 Case. (Case No. 14-444, Pl.'s Mot. to Strike, ECF No. 55 ("Motion to Strike").)

*Legal Standard*

A decision to strike material from the pleadings is vested in the sound discretion of the trial

court. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). Under Federal Rule of Civil Procedure ("Rule") 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). By its express language, Rule 12(f) applies only to material contained in a "pleading." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("only pleadings are subject to motions to strike"); *Sokoli*, 2015 WL 7720466, at *3 (D. Idaho Nov. 27, 2015) ("Rule 12(f) allows a motion to strike a pleading, not a motion. A motion is not a pleading."). Rule 7 defines "pleadings" as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, a crossclaim, or a reply to an answer. FED. R. CIV. P. 7(a)(1 – 7). Generally, therefore, motions, briefs, and memoranda may not be attacked by a motion to strike. *See Act Now to Stop War & End Racism Coal. v. D.C.*, 286 F.R.D. 117, 125 (D.D.C. 2012), vacated sub nom. *Act Now to Stop War & End Racism Coal. & Muslim Am. Soc'y Freedom Found. v. D.C.*, 846 F.3d 391 (D.C. Cir. 2017) (vacated on other grounds) ("motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)"); *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) ("a Rule 12(f) motion to strike is not the proper avenue for challenging plaintiffs' memorandum in opposition to the motion for attorney fees").

The proper vehicle for striking material that is not part of the pleadings is an evidentiary objection. *Sokoli*, 2015 WL 7720466, at *4; *see also Natural Resources Defense Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1161 (E.D. Cal. 2008) ("[A] motion to strike materials that are not part of the pleadings may be regarded as an invitation by the movant to consider whether [proffered material] may properly be relied upon." (citing *U.S. v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) ("[A] motion to strike has sometimes been used to call courts' attention to questions

about the admissibility of proffered material in [ruling on motions].")).

Relevant evidence is admissible unless another law provides otherwise, and "irrelevant evidence is inadmissible." FED. R. EVID. 402. Evidence is "relevant" under the Federal Rules of Evidence when it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Trial courts "have a wide latitude in excluding evidence of remote relevance." *Cal–Bay Corp. v. U.S.*, 169 F.2d 15, 24 (9th Cir.1948); *see, e.g.*, *Wolcoff v. United States*, No. 3:08-CY-0032-JWS, 2010 WL 3210695, at *5 (D. Alaska Aug. 12, 2010), *aff'd*, 449 F. App'x 661 (9th Cir. 2011) (striking statements in opposition brief as irrelevant and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403 because the references were not dispositive of the pending motion); *Scott v. Unum Life Ins. Co.*, No. C 09–1841 SBA, 2010 WL 5368807, at *10 n.2 (N.D. Cal. Dec. 3, 2010) (striking settlement agreement and declaration submitted in support of summary judgment opposition brief as irrelevant under Federal Rule of Evidence 401); *Madsen v. Idaho Emergency Physicians*, No. CV–08–243–S–EJL–LMB, 2010 WL 1248255, at *3–5 (D. Idaho March 23, 2010) (striking as inadmissible evidence portions of affidavits in support of summary judgment brief); *Cruz v. Oxford Health Plans, Inc.*, No. 03 Civ. 8863(LTS)(JCF), 2008 WL 509195, at *11 (S.D.N.Y. Feb. 26, 2008) (striking as irrelevant paragraphs of attorney's certification accompanying opposition brief).

*Discussion*

The District argues Student's arguments on the issue of attorney's fees in her 14-444 Case response brief are problematic because they were made in the improper action (i.e., Case No. 14-444, rather than Case No. 14-445, which involves attorneys' fees) and they were filed after this court ordered the parties to stay arguments related to attorneys' fees. (Motion to Strike at 4.) Student

justifies her attorney's fees arguments by noting they were also "raised in Student's Counterclaim, [and were] not stayed in this proceeding by the Court." (Def.'s Resp. Br., ECF No. 59 at 5.) Additionally, Student points to the February Status Report to assert "the parties agreed it was the only issue left to be litigated before this Court." (*Id.*)

First, the District's motion to strike is, as a technical matter, procedurally improper under Rule 12(f) because Student's response brief is not a "pleading" as defined by the Federal Rules. Nevertheless, the court regards the District's motion to strike as an invitation to consider whether Student's proffered arguments are admissible in this case.

Currently, there are two related actions pending before the court between the two parties: (1) the 14-444 Case, on the merits of the administrative proceeding; and (2) the 14-445 Case, which involves only the question of attorney's fees and costs. Arguments relating to attorney's fees for the underlying due process proceeding are irrelevant to the 14-444 Case and redundant. Relevant evidence is that which tends to add probative value to the issues in the case. The issues in the 14-444 Case relate to the merits of the underlying due process proceeding, not to the attorney's fees that result from that proceeding. Moreover, because Student is seeking attorney's fees that are already requested in the 14-445 Case, this second request for the same fees is redundant.

Student misplaces reliance on the February Status Report that stated the only remaining issue in the 14-444 Case was the matter of attorney's fees. The current stay in the 14-445 Case was premised on the more recent, and more accurate, March Status Report stating the matter of attorney's fees in the 14-445 Case could not be decided until the 14-444 Case is decided on the merits.

The District also argues that Student's attorney's fees arguments violate multiple local rules. Because the court strikes the arguments related to attorney's fees as irrelevant under Federal Rule

of Evidence 401, it need not reach the issue of local rule violations.

The court will address the issue of attorney's fees in due course in the 14-445 Case. As such, and consistent with the court's March Minute Order, the court strikes Student's arguments in her response brief related to attorney's fees.

*Conclusion*

Based on the foregoing, the District's Motion to Strike is GRANTED.

IT IS SO ORDERED.

DATED this 12th day of April, 2018.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge